# Donahoo & Matthews *v.* Tarrant.

*Damage for Breach of Warranty in Sale of Mule.*

(Decided April 16, 1911.   55 South. 270.)

*Appeal and Error; Exceptions; Necessity.*—Where the bill of exceptions shows that exception was reserved to the oral charge of the court, but it nowhere appears from the bill of exceptions that the exception was taken pending the trial or before the jury had retired, the exception is not available for review of such charge on appeal.

Appeal from Anniston City Court.

Heard before Hon. Thomas W. Coleman, Jr.

Action by Mont. Tarrant against Donahoo & Matthews for damages for breach of warranty in the sale of a mule. Judgment for plaintiff and defendant appeals. Affirmed.

Blackwell & Agee, for appellant. Counsel discuss assignments of error relative to the evidence and the charges and cite authorities in support thereof, but do not discuss the points decided.

Lapsley & Arnold, for appellee. The only exception reserved is reserved in such a way as to render it unavailable for a review by this court.—*Moore v. The State,*

[Earp v. Stephens, et al.]

40 So. 345, and authorities there cited. Counsel discuss assignments of error, but without citation of authority.

PELHAM, J.—There is but one assignment of error disclosed by the record in this case, and that goes to a certain part of the oral charge of the trial court. It does not appear from the bill of exceptions that the exception was taken and reserved pending the trial, or before the jury retired. At the conclusion of the oral charge as set out in the bill of exceptions, the bill of exceptions contains the following statement: "And defendant excepted to that part of said oral charge as follows: (Setting out the part of the charge to which an exception was reserved.)" But there is nothing preceding this statement, nor following it, in the bill of exceptions, from which it is made to appear whether this exception was taken and reserved pending the trial, or before the jury had retired to consider its verdict, and the exception is, therefore, not available for review by this court, and the case is affirmed.—*Moore v. State,* 40 South. 345; *Renolds v. State,* 68 Ala. 502; *City Council of Montgomery v. Gilmer,* 33 Ala. 116, 70 Am. Dec. 562.

Affirmed.