# Patterson *v.* The State.

## *Violating Prohibition Law.*

(Decided June 21, 1913.   Rehearing denied July 8, 1913.
62 South. 1023.)

1. *Intoxicating Liquors; Evidence; Claim.*—Where it was shown that the sheriff had seized a large quantity of liquor from a room adjoining defendant's store, an affidavit claiming the liquor made by defendant after the seizure, was competent in a prosecution for violating the prohibition law, as an admission of his keeping the liquor under circumstances prima facie constituting an unlawful purpose, under section 4, Acts 1909, p. 64.

2. *Same.*—Where a large quantity of liquor was found in a room back of defendant's store, and defendant was being prosecuted for violating the prohibition law, the fact that the room was enclosed by a high, solid fence, was admissible as a circumstance tending to show that an unlawful business was being carried on.

3. *Same.*—As showing defendant's possession of the room, and the premises, it was competent to show that defendant kept live stock in the enclosure formed by the fence.

4. *Same.*—Where the sheriff searched defendant's store after six o'clock, but before the store was closed, it was competent to show that the defendant agreed to let him search the upstairs room, but that he refused to open a little room at the back of the store where the liquor was subsequently found, as Acts 1909, p. 77, permits such a search where the premises are open, the room being a part of the premises, and it was a question for the jury whether defendant's refusal was for the reason that he had no control over the property, or that the sheriff had no right to search, or whether the refusal was in order to conceal the liquor.

5. *Trial; Reception of Evidence.*—Under rule 33, Circuit Court Practice, where no ground of objection was specified, it was not error to admit an affidavit for search warrant, the warrant and the return under which the sheriff had seized certain liquors claimed by defendant.

6. *Same; Objection; Admissible in Part.*—Where the affidavit for a search warrant, the warrant and the return, were all on the same piece of paper, and offered in evidence together, an objection to the admission cannot be sustained if any one of them was admissible.

[Patterson v. The State.]

7. *Evidence; Documentary.*—Where a sheriff had seized a quantity of liquor under a search warrant and could not remember the description of it without a reference to his return, which he stated he knew to be correct when he made it, his return was admissible as a means of refreshing his recollection, as well as independent documentary evidence.

8. *Witnesses; Cross-Examination.*—Where the clerk of defendant testified that he and not defendant owned the liquors found by the sheriff, it was competent on cross-examination to ask him if he made any claim to the property when the sheriff seized it under a search warrant against defendant, it being made to appear that the clerk was present at that time.

9. *Appeal and Error; Presumptions; Charges.*—Where it was not shown that charges were requested before the jury retired, it will be presumed in support of the action of the trial court that they were not, and were therefore properly refused.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

M. J. Patterson was convicted of violating the prohibition laws, and he appeals.  Affirmed.

ESPY & FARMER, and E. H. HILL, for appellant.  The court erred in permitting it to be shown that the sheriff stayed there all night.—60 South. 447.  The Fuller Bill does not permit a search and seizure after six P. M., and hence, the court erred in permitting it to be shown that defendant refused to permit a search of the back rooms, as it is not shown that the premises were open.—*Payne v. Crawford,* 102 Ala. 398.  The court was in error in permitting it to be shown that a drayman hauled five barrels of liquor and put it in the store of the Dothan Coal & Wood Co.—*Henly v. State,* 58 South. 96.  It was incompetent to show that the witness Griffin did not tell the officers anything about his control of the liquor at the time they seized it.—*Nichols v. State,* 60 South. 181.  The court erred in admitting the affidavit and writ of seizure, the warrant and the return thereon.—*Cheek v. State ex rel. Metcalf,* 57 South. 108; *Askew v. State,* 60 South. 457; *Webster v. State,* 60 South. 215; *Ray v. State,* 57 South. 146.

· R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted on an indictment charging him, in several counts, with selling, offering for sale, keeping for sale, or otherwise disposing of spirituous, vinous, or malt liquors.

As a witness for the state, the sheriff of the county testified, among other things, without objection, that, shortly before the indictment was returned, he found and seized under a search warrant a large quantity of prohibited liquors, finding them in a little back room adjoining and in the upstairs over a brick store, wherein defendant at the time was conducting and carrying on a family grocery business. As to who was in possession of the liquors at the time of seizure was a material inquiry in the case, and the court, therefore, committed no error in permitting the state to introduce in evidence an affidavit of claim made by the defendant to such liquors two days after the seizure, in which he swore that he was in possession of them at the time of the seizure and had "the entire right, title, and interest in and to each and every bottle of the same." The defendant's signature and oath thereto were proved by the notary before whom the affidavit was made. This amounted to no more than proving an admission by defendant of a material fact against himself. The keeping of prohibited liquors in a place not used exclusively as a dwelling is prima facie evidence that they are kept for unlawful purposes.—Acts Sp. Sess. 1909, p. 64, § 4.

There was likewise no error in overruling the defendant's objection to the introduction in evidence by the state of the search warrant under which the seizure was made, the affidavit upon which the warrant was issued,

[Patterson v. The State.]

and the sheriff's return made on the warrant and setting forth and giving a description of the liquors he had seized under it. We infer from the recital in the bill of exceptions that the three—the warrant, affidavit, and return—were all on one paper, which was objected to and excepted to by the defendant as a whole; and this without specifying or stating any grounds whatsoever. The rule is that, when objection and exception are reserved to the introduction of testimony that is not patently illegal or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified.—Rule 33 of Circuit and Inferior Courts, Code, p. 1527.

Furthermore, if any one or more of the three, either the search warrant, affidavit, or return, was admissible, then an objection to them all as a whole was properly overruled.

Without stopping to consider whether the search warrant and affidavit were admissible, it is clear that the sheriff's return was. The inference is plain from the recitals of the bill of exceptions that he, the sheriff, was unable, without the aid of this return made by him on the search warrant and affidavit at the time of the seizure, to give a list or description of the liquors then seized, comprising, as they did, such a large quantity. This description was material to enable the jury to determine whether the liquors claimed by defendant and described in his said affidavit of claim were the same liquors that were so seized by the sheriff. A witness may, as the sheriff was evidently permitted to do, refresh his memory by referring to a memorandum made by him, or known by him to state the facts truly, no matter when made, if he can testify that at or about the time it was made he knew its contents and knew it to be true. This lets it in both to refresh his memory and as doc-

umentary evidence.—*Bolling v. Fannin,* 97 Ala. 619, 12
South. 59; *Acklen v. Hickman,* 63 Ala. 498, 35 Am.
Rep. 54; *Billingslea v. State,* 85 Ala. 323, 5 South. 137.
Hence we are of opinion that, under the circumstances
here, there was no error in the action of the court in
permitting this return to be introduced in evidence.

The sheriff, in describing the back room in which the
liquors were found, and which, as said, adjoined on the
rear the brick store in which the defendant was carry-
ing on a grocery business, was permitted to testify, at
the instance of the state, over the objection and excep-
tion of the defendant, that this room was inclosed by a
high, solid wall fence some 12 feet high. We think this
evidence was admissible. The fact that liquors in as
large quantity as those here (1,400 half pints and 540
whole pints) were kept in a place so inclosed that those
who visited or might visit it were hidden and concealed
from the observation of the public is a circumstance
tending to show that a "blind tiger" was being conduct-
ed at such place.

As a circumstance tending to support the theory that
defendant, and not somebody else, as claimed by his wit-
ness, was in control and management of the room where
the liquors were kept, it was permissible for the state
to prove, not only (as it did do without objection) that
this room was at the rear of defendant's store, was re-
cently built, and connected with the store by a platform,
but also (as it did do over defendant's objection) that
within the same high fence that inclosed this room the
defendant kept live stock for use in a coal and wood
business conducted by him under the name of the
Dothan Wood & Coal Company.

The sheriff, as a witness for the state, further testi-
fied in substance, without objection, that, when he went
to defendant's place of business to execute the search

warrant, defendant's brick store was open, and defendant was in there; that he informed defendant that he had a search warrant, authorizing him to search defendant's premises for liquors, whereupon defendant said, "There is some little liquor upstairs," and then directed Will Griffin, who was there at the store, and who is defendant's only witness on this trial, to go up there and open the door and let the sheriff take the liquor upstairs. The sheriff then testified over the objection and exception of the defendant, and in response to questions from the solicitor, that he then told defendant he would also have to search the little back room hereinbefore mentioned as the place where most of the liquor was found, and asked the defendant to open it that he might do so, which the defendant refused to do; that defendant's store was still open at the time, but that this little room was closed; that the hour was after dark— about 6 o'clock—and upon defendant's refusal to open this little room he, the sheriff, remained around the premises all night, and on the next morning about 8 o'clock, after the little room had been opened by some one, he went into it, finding the defendant in there and the large quantity of liquors mentioned, which he then seized; that these liquors were then being moved by negroes into a railroad car, across skids reaching from this litle room to the car on the side track; and that defendant then stated that he was having the liquors loaded on the car for the purpose of shipping them out of the state. The defendant's counsel insist, among other things, that the fact that defendant refused to open, upon the said request of the sheriff that evening, the door of the little back room, should not be proved against him, for the reason that defendant was under no legal obligation to do so—the hour being after 6 o'clock in the afternoon, when the statute does not au-

thorize the execution of a search warrant (Acts Sp. Sess. 1909, p. 77, § 22, subd. 7)—and that, under such circumstances, no adverse inferences should be permitted to be drawn from the defendant's failure to do something which the law did not require him to do and justified him in refusing to do. If, in the sylogism, defendant's premises were correct, the conclusion contended for would probably follow.—*Payne v. Crawford,* 102 Ala. 398, 14 South. 854. One of these premises, however (waiving a consideration of the other), is clearly incorrect; for the law, as will appear from a reading of the statute last cited, authorizes a search and seizure after the hour mentioned, provided the place or premises are open. Here it appeared that the premises, that is, the defendant's place of business—the brick store—was open at the time of the making of the request. It further appeared, from inferences fairly and reasonably to be drawn from the state's evidence, that this little back room, attached to and connected with said brick store by a platform, as it was, and within an inclosure in which defendant kept his stock, as it was, was a part of the premises that were in the possession and control of defendant and a part of the premises, utilized by him in the conduct and carrying on of his said family grocery business. In fact, by the state's evidence, it clearly appeared as an inference that this little back room was but a storage room used in carrying on the business conducted in the store, and hence a part of the premises. Although it was closed, it seems to us that, the defendant's place of business (of which the storage room so appeared to form a part), being, as said, open, he was under as much duty to open this storage room as he would have been to open a closed closet or other room within the store itself. Besides, he did not base his refusal to open either on the

fact that he was not in possession or control of this little room (on the contrary, impliedly admitting by his conduct that he was) or on the fact that the hour for executing search warrants had passed. The evidence shows that he just simply refused to open it, without giving any reasons therefor or explaining why, and refused, too, after he had without protest opened or had another to open the room upstairs over the store, where, with a glow of apparent innocence and frankness, he voluntarily told the sheriff he would find some little liquor. Was he not endeavoring thereby to elude the officer and lead him away from a detection of the strongest evidence of the alleged crime—the large quantity of liquors that were stored and concealed within the portals of that little back room? Under the facts and circumstances of this case, we are of opinion that it was not improper, at the time the evidence is shown here to have been offered, to permit the sheriff to state that he then told defendant he wanted also to search this little room, and that the defendant refused.

Of course, if the defendant made the refusal either because he had no control over that particular property or because the sheriff had no authority to make the search, his refusal could not be construed as evidence against him. In the state of the evidence, this was a question for the jury under proper instructions.

Afterward the defendant introduced his evidence, which consisted solely of the testimony of one witness, said Will Griffin, the person hereinbefore referred to as being present in the store at the time the sheriff arrived and whom the defendant directed to unlock for the sheriff the door upstairs. This witness testified that he was a clerk, and that while defendant managed and controlled the brick store and the mentioned inclosure behind it, yet he (this clerk) had rented from defend-

ant and was himself in possession and control of the upstairs and of this little back room, and that in it he himself kept, for the use of the members of the Union Club, the liquors found, and that they belonged to the Union Club, and that defendant had no possession of or control over them. The solicitor, over the objection and exception of defendant, on cross-examination asked the witness if he (who was present, as shown, at the time of the search and seizure of the liquors by the sheriff) then told the sheriff anything about this—that is, the fact that he, and not the defendant, was in possession of the little room and the liquors. The witness admitted that he did not do so. Clearly this evidence was admissible as affecting the credibility of the witness and as tending to impeach his present statement and claim. The defendant's counsel insist, however, that it is susceptible of no adverse inferences against the present testimony of the witness, for the reason that he was under no legal duty to speak. It is a fact, however, of common observation, written large in human nature and experience, that when one man's property is being seized under process against another, he rarely, if present (as the witness admittedly was), keeps quiet or suffers it to be done, without making protest or in some way making known his rights. Counsel further insist that it must be inferred that the witness refused at the time to make any assertion of his rights for fear it would incriminate him. He seems to have no such fear now, since he comes into court and swears to his rights and possession. These arguments of counsel and rebutting arguments of ours only serve to demonstrate that it is purely a jury question as to how much weight they will, in weighing the testimony of the witness, give to the fact that the witness at the time of the seizure, though present, made no claim to the property or its

[Patterson v. The State.]

possession. If the jury believe that his failure was due to a fear of criminal prosecution, or other reason than that he in fact had no such claim, then, of course, they would not permit such failure to affect his credibility. The evidence, however, was competent to go to the jury for what they might deem it worth, after considering it in the light of all the other facts, and the court committed no error in admitting it.

The defendant requested one charge in writing, which was refused. This will not be considered, however, for the reason that it is not made to appear that it was requested before the jury retired. It will therefore be presumed, in favor of the rulings of the trial court, that it was not requested before the jury retired and was for this reason, if for no other, properly refused.—*Hubert Morgan v. State, Infra,* 63 South. 21; *Donahoo & Matthews v. Tarrant,* 1 Ala. App. 446, 55 South. 270; 2 Mayf. Dig. p. 576, § 26.

The record raises 29 questions on alleged errors of the trial court. We have discussed only the principal ones; being those most strongly urged in brief of appellant's counsel. Those not discussed by us are so clearly without merit, and our reasons for such a conclusion are so fully indicated by what we have already said, that we deem it unnecessary to further prolong this opinion by a discussion of them—especially since the questions raised in them are neither novel nor interesting, nor of such a character that a discussion of them would be of any value whatever to the profession.

The judgment of conviction is affirmed.

Affirmed.