# Angle v. The State.

## Appearing in Public While Intoxicated.

(Decided February 5, 1914.   64 South. 646.)

1. *Indictment and Information; Repugnancy; Place.*—Under section 6770, Code 1907, the curtilage of a private residence may be or become a public place by the use to which it is put, and hence there is no repugnancy between the averments of an indictment drawn under that section alleging that defendant, while intoxicated, appeared in a public place, to-wit, within the curtilage of a private residence of another.

2. *Witnesses; Examination; Fixing Dates.*—Where witness is testifying as to the date of an occurrence, he may fix it with relation to another occurrence, such as that it was on the same day that he heard the fight was on between defendant and others.

3. *Charge of Court; Verdict; Counts.*—Where an indictment contained three counts the trial court is not required to direct a verdict of not guilty as to one or all of the counts separately; hence, the denial of the general charge in favor of defendant as to one count is not error regardless of the state of the evidence.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Newt Angle was convicted of appearing in a public place while intoxicated, and he appeals. Affirmed.

The indictment charges in the first count that Newt Angle, while intoxicated or drunk, did appear in a public place, to wit, within the curtilage of the private residence of Marcellus Payne, where one or more persons were present, and manifested his drunken condition by boisterous and indecent conduct, or loud and profane discourse. The second count charges the entering into or going sufficiently near to the dwelling house of Marcellus Payne, and in the presence or within the hearing of the family, or a member of the family of the occupant thereof, made use of abusive, insulting, or obscene language. The third count charges use of abusive, insult-

ing, or obscene language in the presence of a female. The demurrers were that the first count states no offense, and that its averments are repugnant, in that it alleges that it was both a private and a public place. Charge 1 was the affirmative charge as to the first count.

SAMUEL W. TATE, for appellant. There are two offenses denounced by section 6770, Code 1907, and in drawing the indictment, the pleader was 'guilty of repugnant allegations in alleging that a public place was the curtilage of a private residence.—*Gilmore v. State,* 99 Ala. 158; *Lindsey v. State,* 19 Ala. 560; *Smith v. Causey,* 28 Ala. 655; *Johnson v. State,* 35 Ala. 363. Counsel discusses the exceptions relative to testimony and refused charges, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The first count of the indictment, in averring that the alleged misconduct of the defendant was "in a public place, to wit, within the curtilage of the private residence of Marcellus Payne, where one or more persons were present," imported that the place specified was, at the time referred to, a public one. A place within the curtilage of a private residence may, by the use to which it is put, be made a public one, within the meaning of the statute (Code, § 6770), which makes it an offense for any person, while intoxicated or drunk, to appear in a public place where one or more persons are present, and manifest a drunken condition by boisterous or indecent conduct, or loud and profane discourse. We are not of opinion that the court was in error in overruling the demurrer to this count of the

indictment. There was no repugnancy in its averments as to the place of the alleged misconduct.

It was not reversible error to permit the witness Campbell to fix the date of the occurrence about which he testified by stating that it was the same day he heard the fight was. The evidence, without conflict, was to the effect that there was a fight at the residence of Marcellus Payne between him and one or both of the persons with whom the witness stated that he saw the defendant coming "from towards where Marcellus Payne lived." It was not sought to prove by this witness anything except facts which came under his personal observation. The rule against hearsay testimony was not violated by the witness fixing the date of the occurrence about which he testified by a reference to the time of his hearing of something else, as to the happening of which there was other evidence which was undisputed.

As the trial was on an indictment containing three counts, the court was not required to instruct the jury to find a verdict of not guilty as to one or all of the counts separately. Whether the evidence was or was not such as to warrant an instruction that, if the jury believed it, they should not return a verdict of guilty under the first count, it was not error for the court to refuse to give written charge 1, requested by the defendant.—*Kress v. Lawrence,* 158 Ala. 652, 47 South. 574; *Bessemer Liquor Co. v. Tillman,* 139 Ala. 462, 36 South. 40; *Dorsey v. State,* 134 Ala. 553, 33 South. 350.

Affirmed.