# Central of Georgia Ry. Co. *v.* Courson.

## *Loss of Baggage.*

(Decided April 30, 1914. 65 South. 179.)

1. *Appeal and Error; Review; Presumption.*—Where the bill of exceptions recites that the foregoing being all of the evidence, whereupon defendant requested the court to give a certain written charge which is set out and that the court refused to give it, the bill of exceptions failing to indicate otherwise at what stage of the trial the charge was asked, it was sufficiently shown that the charge was requested before the jury retired, and there is no presumption that it was not requested at the proper time.

2. *Same; Nature and Form; Exceptions.*—Construing sections 3016, and 5346, Code 1907, it is held that written charges requested are not within the rule requiring that the bill of exceptions should show that the exceptions to the oral or main charge of the court were taken and made before the jury retired.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

The Central of Georgia Railway Company prayed for and obtained an appeal to the Court of Appeals from an adverse judgment against it in the circuit court at the suit of T. M. Courson, for damages for the loss of baggage. The Court of Appeals certified certain questions to the Supreme Court, which question, together with the answers, fully appear in the opinion. For opinion and decision of Court of Appeals, see 8 Ala. App. 589, 62 South. 977.

G. L. COMER, for appellant. No brief reached the Reporter.

[Central of Georgia Ry. Co. v. Courson.]

GLENN & DE GRAFFENRIED, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This case comes here for decision by virtue of the following certificate from the Court of Appeals: "In the above-entitled case, the judges of this court being unable to reach a unanimous conclusion, the undersigned judges of said court, pursuant to the provisions of the statute in such cases made and provided, hereby certify to the Supreme Court of Alabama the following question of law as to which the judges differ: Where a statement in a bill of exceptions that the foregoing was all the evidence in the case is followed by the statement that the defendant requested the court to give a written charge, which is set out, and that the court refused to give it, the bill of exceptions not otherwise indicating at what stage of the trial the charge was requested, is it to be presumed on appeal, in support of the court's ruling, which is assigned as error, that its refusal to give the charge was because it was not requested at the proper time or before the jury retired to consider the verdict? The above question is submitted as an abstract proposition, as directed by the statute, reference being made to the case in which the question arises, for the convenience of the Supreme Court."

We are of the opinion that the reasonable presumption is that the requested charge or instruction to the jury was asked at the proper time; that is, before the jury retired to decide the case.

It has been repeatedly held by this court that, where exceptions were reserved to the oral charge of the trial court, it must be made to appear by the bill of exceptions that the exceptions to the oral charge or to portions thereof were made and reserved before the jury

retired for the decision of the case. This is proper, for the reason that the trial court should have its attention called to the supposed error, and be allowed the opportunity to correct it, before the jury retires. In such case the exception could not be taken until the court has instructed the jury.

As to requested charges or instructions, the rules and practice are different. The giving or the refusing of such charges is largely regulated by statute. One of these statutes reads as follows: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record, and charges which are given must be taken by the jury with them on retirement, and those refused must be retained by the clerk."—Code § 5364.

Section 3016 of the Code provides as follows: "It is not necessary for a party to except to the ruling of the court in giving or refusing a charge requested in writing, nor need the bill of exceptions state that exception was reserved thereto; if the charge is refused, an exception by the party asking it is presumed, and if the charge is given, an exception by the other party is presumed; and such charge, and the ruling of the court thereon, may be, by the party in whose favor such exception is presumed, assigned as error on appeal, and when so assigned, the appellate court must review and consider the same in all respects as if exception had been expressly reserved upon the trial of the cause."

These two sections of the Code, taken together, we think, clearly take written requested charges from without the rule as to exceptions reserved to the oral charge of the court, or the main charge of the trial court, when

it is in writing. We have no case holding that the bill of exceptions must affirmatively show that requested written charges were requested before the jury retired; and we think that the recitals in the bill of exceptions in the case at bar, as certified to us by the Court of Appeals, sufficiently show that the requested charges were presented before the jury retired, and .that there is no presumption, arising from the recitals so certified, that the charges were not requested at the proper time.

The case of *Donahoo & Matthews v. Tarrant*, 1 Ala. App. 446, 55 South. 270, treated an exception to the oral charge of the court, which may be likened to an exception to rulings on evidence, and must be made during the progress of the trial. The statutes above set forth do not apply to such cases.

All the other cases are cases in which the exception was to the oral or the main written charge, or to rulings on evidence, or on motions which were not within the protection of the statutes to which we have referred, and which, of course, are governed by a different rule and a different presumption.