# Gray *v.* Town of Clanton.

### Violating Municipal Ordinance.

(Decided June 8, 1916. 72 South. 209.)

1. **Municipal Corporation; Violating Ordinance; Evidence.**—Where the prosecution was for violating a municipal ordinance by wilfully hindering a marshal from making an arrest, testimony that when a party who had been engaged in a fight, and whom defendant was holding, was struggling to get loose, he was saying, "Just turn me loose. I will give you $50 to let me get to him," was admissible as part of the res gestae, and material as shedding light on the motive of defendant in holding the party whom the marshal was seeking to arrest.

2. **Same.**—Where defendant's purpose in holding a party who had been engaged in a fight, and in not turning such party over to the marshal, was not to prevent or hinder the latter in making an arrest, but was a bona fide effort on the part of defendant to stop the fight or prevent such party from fighting further, defendant was not guilty of violating an ordinance of the town, making it an offense for any person to hinder a marshal in making an arrest, unless defendant subsequently also assaulted the marshal.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Joseph Y. Gray was convicted of violating a municipal ordinance of the town of Clanton, and he appeals. Reversed and remanded.

[Gray v. Town of Clanton.]

MIDDLETON & REYNOLDS, for appellant.   No counsel marked for appellee.

PELHAM, P. J.—The defendant, appellant here, was prosecuted and convicted of a violation of a town ordinance, declaring it to be an offense for any person to willfully and intentionally prevent or hinder any marshal or police officer from making any lawful arrest.

It appears from the evidence without dispute that one Headley had, in the town of Clanton and in the presence of defendant struck with his first one McDowell, and that defendant Gray thereupon threw his arms around Headley and was holding him to prevent him from again striking McDowell when the marshal of the town of Clanton came up.. The marshal testified that when he came up he then took hold of Headley and told the defendant to turn him loose, stating to defendant that he, the marshal, would take charge of Headley, but that defendant declined to do so, but continued to hold onto Headley, until he, defendant, was forcibly, after much struggling, pulled loose by the marshal and by those who assisted him.

(1, 2) On the other hand, the defendant testified that the marshal did not tell him, defendant, that he, the marshal, wanted to arrest or take charge of Headley, but testified that the marshal said he wanted to take Headley into the poolroom and talk to him and quiet him, and that thereupon he, defendant, told the marshal to look after the other fellow, McDowell, that he, defendant, would hold Headley.   In this connection, defendant offered to prove by other witnesses that at that time Headley was struggling to get loose from him, and was saying: "Just turn me loose. I will give you $50 to let me get to him (meaning McDowell)." We think this evidence clearly admissible as shedding light on the motives and intentions of the defendant in holding onto Headley.   If his purpose in so doing was not to prevent or hinder the marshal in arresting Headley, but a bona fide effort to prevent the latter from again striking McDowell, then defendant would not be guilty, unless he subsequently at that time also assaulted the marshal—a fact also in dispute.   The evidence was in such conflict in all material particulars that we think the court should have admitted that mentioned.

Reversed and remanded.