# Wade, *et al. v.* The State.

### Larceny.

(Decided June 22, 191.  72 South. 269.)

1. **Larceny; Receiving Stolen Goods; Ownership.**—In the absence of legal proof tending to show that the property named in the indictment had never been in the possession of the alleged owner, defendants were entitled to the affirmative charge as to the counts charging larceny and receiving or concealing stolen property.

2. **Same; Instructions.**—Where the indictment charged burglary, grand larceny and receiving stolen goods, and there was no direct proof that the property named in the indictment had ever been in the possession of the alleged owner, charges declaring that if the jury believe the evidence they must find defendant not guilty under the counts charging larceny and receiving or concealing stolen property, were properly refused as misleading.

3. **Same; Evidence.**—Where the indictment charged burglary, grand larceny, and receiving or concealing stolen property, it was proper to permit the state to show the condition of the box from which it was claimed that the property was taken.

4. **Appeal and Error; Review; Oral Charge; Exception.**—It must be made affirmatively to appear from the record that exceptions to the oral charge of the court were duly reserved before the jury retired in order to put the trial court in error as to giving such charge.

5. **Same.**—The record examined and held sufficient to indicate that the exceptions to the oral charge were taken in proper time, and that the same will be reviewed.

6. **Charge of Court; Invading Province of Jury.**—The oral charge of the court examined and held erroneous as a charge on the effect of the testimony in violation of § 5362, Code 1907.

[Wade, et al. v. The State.]

APPEAL from Clarke Circuit Court.

Heard before Hon. BEN G. TURNER.

Pink Wade and Spencer Overstreet were convicted of crime, and they appeal. Reversed and remanded on rehearing.

The evidence for the state tended to show that the warehouse of one Ivy Pittman had been broken into, and that there was a box in the warehouse which was broken open and there was a good big hole in the box, and a vacant space in the box that looked like where the goods had been taken out. Another witness testified that he saw the box on Sunday afternoon in the warehouse, which was marked to Mr. Pittman, and that it had not then been opened, but was intact, and that he went out of the warehouse on that Sunday afternoon and left the door of the warehouse locked. Pittman testified that the goods in the box were shipped to him, and that there were several bolts of cloth of different kinds, and eight pairs of pants in the box, and that there were about nine bolts of cloth missing.

The following charges were refused to the defendant: Affirmative charge of not guilty, as to the third count of the indictment. (2) Affirmative charge of not guilty as to the third count of the indictment. (3) Affirmative charge of not guilty as to the second and third counts of the indictment. · (7) General affirmative charge.

Q. W. TUCKER, for appellant. W. L. MARTIN, Attorney General, and J. P. Mudd, Assistant Attorney General, for the State.

PELHAM, P. J.—Defendants were tried under an indictment charging burglary, grand larceny, and receiving or concealing stolen property of a value in excess of $25.

(1) There was no direct proof that the property named in the indictment had ever been in the possession of the alleged owner. In the absence of any legal proof showing or tending to show this fact, the defendants were entitled to the affirmative charge as to the counts charging larceny and receiving or concealing stolen property.—Smith v. State, 133 Ala. 145, 151, 31 South. 806, 91 Am. St. Rep. 21.

(2) The defendants requested several charges, each attempting to express this principle. Each of these charges in substance declared that, if the jury believed the evidence, they must find the defendant not guilty under the named count of the indictment. The court was not in error in refusing these. Each is

[Wade, et al. v. The State.]

misleading, and has heretofore been condemned.—*Moss v. State,* 146 Ala. 686, 40 South. 340; *Dorsey v. State,* 134 Ala. 553, 556, 33 South. 350; *Angle v. State,* 10 Ala. App. 232, 234, 64 South. 646.

(3) There was no error in the action of the trial court in permitting the state to show the condition of the box, from which it was claimed the property was stolen. This evidence was properly admitted, as, if true, it might, when coupled with other competent evidence, have afforded an inference of the larceny of the goods in question.

(4) The bill of exceptions does not recite when the exceptions to the court's oral charge were reserved. It will therefore be presumed on appeal that the exceptions were not reserved within the proper time, and may not now be considered. When exceptions are reserved to the court's oral charge, it must be made to appear that the exceptions were duly reserved before the jury retired, to justify a holding putting the lower court in error.—*C. of Ga. Ry. Co. v. Courson,* 186 Ala. 155, 65 South. 179, 180; *Donahoo v. Matthews & Tarrant,* 1 Ala. App. 446, 55 South. 270.

Affirmed.

## ON APPLICATION FOR REHEARING.

(5, 6) The appellant insists, upon this application, that it sufficiently appears from the recitals in the bill of exceptions in relation to the exceptions reserved to portions of the court's oral charge by the defendant, that they were taken and reserved during the trial and before the jury retired. It is shown by the bill of exceptions that the exceptions to these excerpts of the oral charges were "duly" reserved, and that the court, after the exceptions were reserved, made certain changes in its oral charge to the jury and continued to charge the jury on these and other propositions, and that the exceptions were duly reserved as the charge was being given; and necessarily before its conclusion. Whether the objections were made and exceptions properly taken before the jury retired must be determined from a reasonable construction of the bill of exceptions (*Edgar v. State,* 183 Ala. 36, 62 South. 800), and we think that, according to the record in this case such construction, it is made to affirmatively appear that the exceptions were properly reserved to require review of that question. The excerpt from the oral charge of the court to

which an exception was reserved, which, as set out in the record, is in the following language: "I didn't tell them that. I simply told the jury you must be persuaded beyond reasonable doubt that these are the trousers that came out of Pittman's box. And that if there is evidence here to satisfy you beyond a reasonable doubt this is true, it makes no difference who has testified or who has not testified in the case," is clearly, we think, when taken in connection with the evidence introduced by the defendants in their behalf, an invasion of the province of the jury, and is a charge upon the effect of the testimony in violation of section 5362 of the Code of 1907. See authorities collated as a footnote to that section.

Judgment of affirmance heretofore entered is ordered set aside, and a judgment of reversal remanding the cause is entered for the error discussed.

Affirmance set aside; reversed and remanded.