152 So. 468

### CABLE–BURTON PIANO CO. v. THOMAS.

#### 5 Div. 171.

Supreme Court of Alabama.

Jan. 25, 1934.

J. B. Atkinson, of Clanton, for petitioner.

Percy M. Pitts, of Clanton, opposed.

FOSTER, Justice.

It is urged that the bill of exceptions does not show that the exception to a portion of the oral charge which the Court of Appeals held to be erroneous was reserved before the jury retired. That opinion recites that the record shows that at the conclusion of the court's oral charge counsel gave notice of the exception.

This court held in Central of Georgia R. Co. v. Courson, 186 Ala. 155, 65 So. 179, 180, that it would construe a bill of exceptions to mean that written charges were requested before the jury retired, when the bill of exceptions recited that "the foregoing was all the evidence in the case (and this) is followed by the statement that the defendant requested the court to give a written charge, which is set out." The court observed that "we have no case holding that the bill of exceptions must affirmatively show that requested written charges were requested before the jury retired." It also held that the language used in the bill of exceptions, which we have quoted, sufficiently shows that the requested charges were presented before the jury retired. The Court of Appeals had held in Donahoo & Matthews v. Tarrant, 1 Ala. App. 446, 55 So. 270, that certain language in a bill of exceptions relating to an exception to the oral charge was not sufficient to show that it occurred before the jury retired. The court in the Courson Case undertook to make a distinction. But we cannot agree that there is a distinction in respect to the meaning of a recital as to the time of taking the exception. In both instances the rule was the same in respect to the time of taking the exception on the one hand and of requesting the charge on the other, which must appear in the bill of exceptions; that is, that it must occur in each instance before the jury retired. It is inconsistent to say that the same language in a bill of exceptions does not definitely fix that occasion merely because an exception to the oral charge is noted rather than the request for a written charge. True, an exception is needed in one instance and not in the other, but the request for a special charge in the one instance must be made before the jury re-

tires, and that is all that is necessary as to the time when an exception is noted to the oral charge. The rule has since been changed so as not to require the bill of exceptions to contain given or refused charges or show when they were requested. Section 9509, Code.

The attempt to make the distinction in the Courson Case, supra, was unnecessary then, and we think there is no reason for such distinction, and that the best policy is to make a plain statement to that effect.

Although the Donahoo Case, supra, has been followed in a later case by the Court of Appeals (Wade v. State, 14 Ala. App. 130, 72 So. 269), we do not think it necessary for that court to follow it further. We should not follow purely technical holdings beyond the requirements of the situation.

■ We think in the instant case the Court of Appeals should have, as they did, considered the exception to the portion of the oral charge which was noted to occur at its conclusion. It is clear that, taken by itself, the excerpt to which exception was taken is not an accurate or correct statement of the law for the reasons noted in that opinion. If its erroneous effect was eradicted by other features of that charge, or by the charge as a whole, this does not appear in the opinion of the Court of Appeals. When that opinion does not show the matter which it is claimed renders the error harmless, we cannot consider that question. Ex parte Steverson, 211 Ala. 597, 100 So. 912; Birmingham-Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Campbell v. State, 216 Ala. 295, 112 So. 902. The opinion of the Court of Appeals expressly finds that the error was prejudicial.

■ Petitioner argues that the Court of Appeals reversed the judgment for the additional reason that the motion for a new trial should have been granted because the verdict was contrary to the great weight of the evidence when the bill of exceptions does not show an exception to the ruling of the trial court on that motion. The absence of such an exception is not shown in the opinion of that court. We review it on the questions which it shows, considers, and passes on, and no others.

■ Moreover, the reversal of the judgment of the circuit court is shown by that opinion to have been necessary for other reversible error, so that it is not material to the result of the appeal whether or not there was such error in overruling the motion for a new trial. Since the opinion of the Court of Appeals does not show that it is based upon any misconception of applicable principles, the writ of certiorari is denied.

Writ denied.

All the Justices concur.