197 So. 92
### RICHARDSON v. STATE.
#### 6 Div. 490.

Court of Appeals of Alabama.
June 18, 1940.

---

[1] 238 Ala. 219.

found, the same morning, a small quantity of the stolen merchandise, i. e. a can of tobacco. Aside from this can of tobacco, none other of the stolen property was recovered, except two clocks, one found in possession of each defendant.

This defendant (appellant here) denied all knowledge of or complicity in the crime and sought, by witnesses, to explain his possession of the clock as having been purchased from a dealer in Birmingham and also to prove an alibi—and such was the tendency of his evidence.

■ The issues thus presented were plainly for the determination of the jury after proper instructions by the court as to the applicable law. This court has carefully searched the record and has failed to discover error to the prejudice of defendant as should reverse the judgment of the lower court.

■ The trial court, in its oral charge, incorrectly instructed the jury as to the constituents of grand larceny, by pretermitting therein the question of value. Nevertheless unless exception thereto in the court below was seasonably and appropriately reserved by the defendant it is not available error upon appeal. It appears—as is quoted from the record—that such exception was taken "after the jury retired from the court room," whereas, if a review of the court's action is to be invoked here, such reservation must be made pending the trial and *before* the jury retires to consider its verdict. Donahoo & Matthews v. Tarrant, 1 Ala.App. 446, 55 So. 270; Wade v. State, 14 Ala.App. 130, 72 So. 269; Central of Ga. Ry. Co. v. Courson, 186 Ala. 155, 65 So. 179. Furthermore the failure of the bill of exceptions to comprehend the exception noted above precludes a review by the appellate court of the trial court's action in regard thereto. McPherson v. State, 198 Ala. 5, 73 So. 387; Hines v. McMillan, 17 Ala. App. 509, 87 So. 696; principle reaffirmed by Supreme Court in Ex Parte Hines, 205 Ala. 17, 87 So. 691.

The facts and circumstances presented by the evidence being sufficient to require submission, of the case to the jury and there being no errors of the trial court properly presented to this court for decision, the judgment below is affirmed.

Affirmed.

Caesar B. Powell, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This appeal is from a judgment of conviction of grand larceny, as was charged in the first count of the indictment. There were two counts, the second charging burglary. According to the evidence of the State, the burglarized property was a drug store in Parrish, from which, on the night or early morning of the burglary, was taken, among the articles of merchandise set forth in the indictment, a clock, bearing the cost mark of the owner of the store and which was recently thereafter found in possession of the defendant. Several witnesses testified to having seen the defendant, in company with his codefendant not on trial, on the occasion of the burglary, in the early morning, and several hours prior to its discovery, near to and coming from the direction of the rear door of the store (which was left open by the burglars), carrying packages or bundles under their arms; and along this path they took from the store was