23 So.2d 514

### HARRIS v. STATE.

#### 8 Div. 328.

Supreme Court of Alabama.

Oct. 11, 1945.

J. Foy Guin, of Russellville, for petitioner.

Robt. B. Harwood, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., opposed.

BROWN, Justice.

The opinion of the Court of Appeals states: "Upon the trial one single question was controlling, and this question is conclusive of this appeal, and that is, the identity of the man who was working with Reynolds at the still who escaped and ran away. This appellant testified he was not the man. All four of the officers of the law positively identified this appellant, George Harris, as being the man. Defendant offered testimony of several witnesses that at the time and place the raid upon the still was made he was in Haleyville, Alabama, some miles distant from the still. This conflict in the evidence was for the jury to determine. There is no phase of this case which entitled the defendant to a directed verdict, and appellant's insistence to the contrary is so very untenable, it needs no discussion."

This was the only question treated in the opinion of the Court of Appeals. The petitioner here insists that error was committed on the trial in not sustaining the defendant's objections to certain statements alleged to have been made by the solicitor in his argument to the jury and in the refusal of two written charges requested by the defendant. As to these matters the Court of Appeals observed: "No reversible error appears in any ruling of the court complained of calculated to prejudice the substantial rights of defendant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. The judgment of conviction from which this appeal was taken will stand affirmed."

It is well settled that questions not considered and treated by the Court of Appeals are not within the purview of review by certiorari. Ballard v. State, 219 Ala. 222, 121 So. 502; Pool v. Hart, 222 Ala. 232, 132 So. 59.

It is likewise well settled that the application of the doctrine of harmless error by the Court of Appeals will not be reviewed on certiorari unless authorized by statement of facts in the opinion. Campbell v. State, 216 Ala. 295, 112 So. 902; Cable-Burton Piano Co. v. Thomas, 228 Ala. 112, 152 So. 468.

The writ of certiorari is due to be denied. It is so ordered.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.