## PETTIBONE vs. THE STATE.

1. An indictment under the fifth section of the act of 1850, (Pamphlet Acts, p. 11,) for keeping a hotel without license, which alleges that the defendant "*did keep*," &c., is demurrable. It should allege that he "*was engaged in the business of keeping*," &c.

Error to the Circuit Court of Conecuh. Tried before the Hon. E. Pickens.

The plaintiff in error was indicted, under the act of 1850, for keeping a hotel without license. The indictment contained two counts, the first alleging that the defendant " did then and there keep a house of entertainment for transient persons," &c., and the second that he " did then and there keep a hotel," &c. The defendant demurred to the indictment, but his demurrer was overruled, and a verdict rendered against him.

WATTS, JUDGE & JACKSON, for plaintiff in error, contended that the indictment was defective, because it did not charge that the defendant was engaged in the business of keeping a house for the entertainment of transient persons; and they cited Moore v. The State, (16 Ala. 411,) and Eubanks v. The State, (17 Ala. 181.)

THE ATTORNEY GENERAL, contra.

COLEMAN, J.—According to the decisions made in the cases of Moore v. The State, (16 Ala. 412,) and Eubanks v. The State (17 ib. 181,) the court erred in overruling the demurrer to the indictment in this case. The act of 1850, (see section 5,) under which this indictment was found, is substantially the same with the 98th section of the act of 1848, under which the indictments were found in the cases referred to.

The judgment is reversed, and the cause remanded.