# Bell *v.* The State.

### *Violating Prohibition Law.*

(Decided Dec. 21st. 1911-   57  South.  154.)

1. *Intoxicating Liquors; Illegal Keeping.*—Under sections 4 and 16, Acts 1909, p. 64 the keeping of prohibited liquors in a place where the defendant was running a store and soft drink stand was illegal.

2. *Same; Instructions.*—Where the evidence tended to show that the place where defendant kept the prohibited liquors was not used exclusively as a dwelling, an instruction was properly refused which asserted that the mere keeping of prohibited liquors on the premises was not presumptive of his having it there for unlawful purposes, where he ate and slept in the house in question.

3. *Evidence; View; Inspection.*—In a prosecution for keeping and selling prohibited liquors in a place of business, bottles of wine and beer found on the premises were properly produced and submitted to the inspection of the jury, under section 4 Acts 1909, page 64.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Joe F. Bell was convicted of violating the prohibition law, and appeals. Affirmed.

The exceptions to evidence sufficiently appear in the opinion. The charge refused to the defendant is as follows: "If the jury believe from the evidence that the defendant lived in the house, and that he ate and slept

there, and that the liquors found in defendant's house, unless kept there for an unlawful purpose by the defendant, then the mere keeping it there by the defendant is not presumptive of having it there for any unlawful purpose."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. It is contrary to law to keep prohibited liquors in a place where soft drinks are sold; also to keep them in a place not used exclusively as a dwelling house.—Acts 1909, Sections 4 and 16, p. 64; *Toole v. The State,* 54 So. 195. For this reason the court did not err in the exclusion of evidence, or the admission of evidence, or in refusing the charges requested.

WALKER, P. J.—It was permissible to admit evidence that in the place of the defendant, in which the evidence tended to show that prohibited liquors were found, he was running a store and soft drink stand, as it was contrary to law to keep prohibited liquors in any building not used exclusively as a dwelling, or on premises where the business of selling beverages was conducted.—Acts Special Session 1909, p. 63, §§ 64, 16; *Toole v. State,* 170 Ala. 41, 54 South. 195.

In connection with other evidence tending to support the charge that the defendant offered for sale, or kept for sale, or otherwise disposed of, prohibited liquors, it was permissible to allow the production, for the inspection of the jury, of the two bottles of scuppernong wine and two bottles of beer, which the evidence tended to show were found in the defendant's place of business. —Acts Special Session 1909, p. 63, § 32½.

15 CA

Under the evidence in the case tending to show that the place of the defendant in which prohibited liquors were found was "not used exclusively for a dwelling," the written charge requested by him was properly refused.—Acts Special Session 1909, p. 63, § 4.

Affirmed.