# Stokes *v.* The State.

*Violating Prohibition Law.*

(Decided May 7, 1912.   Rehearing denied May 28, 1912.
59 South. 310.)

1. *Appeal and Error; Harmless Error; Evidence.*—The introduction, subsequently, of evidence which renders competent evidence otherwise irrelevant and incompetent, cures the error in admission of such evidence.

2. *Trial; Credibility of Witness.*—The jury, or the court sitting as a jury, are the sole judges of the credibility of the witness.

3. *Same; Province of Court and Jury.*—Where two or more rational conclusions may be drawn from the evidence, the question becomes one for the jury, as to what is the proper conclusion to be drawn and what is the truth of the issue.

4. *Intoxicating Liquors; Possession Prima Facie Evidence.*—The evidence in this case held to require a submission to the jury, or to the court sitting as a jury, to determine whether the house was a building not used by the defendant exclusively for a dwelling under the prohibition act, and hence, it was competent to show that the prohibited liquors were found in the house.

APPEAL from Bessemer City Court.
Heard before Hon. J. C. B. GWIN.
A. Stokes was convicted of violating the prohibition law and he appeals.   Affirmed.

PINKNEY SCOTT, for appellant.   The court erred in not excluding the evidence of the state's witness Parker.—Acts 1909, p. 64, section 4.   The court erred in admitting evidence that liquor was found in the house as it was a dwelling house, and in permitting it to be shown that men were seen around there intoxicated.— Authorities supra; *Fitzpatrick v. The State,* 53 South. 1021; *Eidge v. The City of Bessemer,* 164 Ala. 599.   A wrongful act and a wrongful intent must concur to constitute a crime.—*White v. The State,* 44 Ala. 409; *Davis v. The State,* 68 Ala. 58.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. From
the evidence in this case it was a question for the court
sitting as a jury to determine the guilt or innocence of
the accused, and its finding will not be reversed.—
*Knowles v. The State,* 80 Ala. 9; *Feibelman v. The
State,* 103 Ala. 122; *Norville v. The State,* 131 Ala. 35.

DE GRAFFENRIED, J.—It is our understanding of
the law that when evidence is admitted upon a trial,
which is, at the time of its admission, irrelevant and
immaterial, but is, at a later stage of the trial, by other
evidence introduced by either of the parties to the
cause, rendered relevant and material, the trial court
will not, upon appeal, be put in error for admitting
such evidence. The defendant had a small store at
"Happy Hollow" in Jefferson county, and about 50
steps from the store, on the same premises, was a three-
room residence in which the defendant resided. Two
of the rooms were bedrooms, and the other was a
kitchen and dining room. In one of the bedrooms there
was one bed and in the other two beds. The defendant
had a wife and no children. Armed with a search war-
rant authorizing him to search the premises of the de-
fendant, a deputy sheriff of Jefferson county searched
both the store and the house. There was no liquor in
the store, but 17 pints or half-pints of gin and 15 pints
of rye whisky were found in the house. Some of this
liquor was in one of the bedrooms and the balance in
the kitchen. There were two men—not members of the
defendant's family—eating in the kitchen when the
search was made. There was evidence tending to show
that men were frequently seen while under the influ-
ence of whisky upon defendant's premises. No one tes-
tified that he had seen the defendant sell or give away

intoxicating liquors.  The defendant swore that he had
never violated any of the provisions of the prohibition
laws, that the liquors in the house were for his own pri-
vate use, that he had ordered it to be shipped in jugs,
but that it had been sent to him in bottles, that the men
eating in his dining room when the search was made
were not boarders, but guests, that he did not keep a
boarding house, did not use his residence in connection
with his store, but used it exclusively for residential
purposes for himself and wife alone.

The jury—or courts when sitting as juries—are the
sole judges of the credibility of witnesses.  When two or
more rational, though opposite, conclusions may be
drawn from the evidence, the jury only are authorized
to say what the proper conclusion is and what is the
truth of the matter in dispute.  In this case each mate-
rial part of the defendant's testimony may have been
untrue.  That was a question for the trial judge sitting
as a jury.  The fact that the house in which the defend-
ant slept and the house in which he conducted his busi-
ness as a merchant were on the same premises, all un-
der the defendant's control, that men not members of
the defendant's family were eating and sleeping there
when the search was made, that liquors in convenient
packages for illicit sale if the defendant was engaged in
the unlawful business of selling liquor were found in
the house, and that men under the influence of intoxi-
cants were frequently seen on the defendant's premises
at "Happy Hollow," were all circumstances from which
the court, sitting as a jury, had the right to infer that
the house in which the defendant ate and slept was a
building which was "not used exclusively for a dwell-
ing" by the defendant.  Section 4 of the act "to further
suppress the evils of intemperance," approved August
25, 1909 (Pamph. Acts Special Session 1909, p. 63),

[Dill v. The State.]

provides that the keeping of liquors or beverages that are prohibited by the laws of the state to be manufactured, sold, or otherwise disposed of in any building not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or with the intent to sell the same, contrary to law. As there was evidence from which the court, sitting as a jury, had the right to infer that the defendant's residence was not used exclusively as a dwelling, the court was without error in permitting the state to prove that, when the search was made, intoxicating liquors were found in the defendant's dwelling.

There is no other question presented by this record, and the judgment of the court below is affirmed.

Affirmed.