# Johnson *v.* The State.

## *Manslaughter.*

(Decided May 20, 1913. Rehearing denied June 6, 1913.
62 South. 450.)

1. *Criminal Law; Error; Burden of Showing.*—The bill of exceptions examined and held not to show error, or abuse of discretion in not allowing the examination of a witness who had been present in the courtroom, while other witnesses were testifying, the rule having been invoked, in view of the requirement that the burden of showing error is·upon the party alleging it.

2. *Witnesses; Rule; Discretion of Court.*—Where the non-observance of the rule by a proposed witness is due wholly or partly to the fault of defendant, it is within the discretion of the trial court whether it will permit the defendant to adduce the testimony of· such witness.

3. *Charge of Court; Confusing.*—It is proper to refuse an instruction when incomplete and conveying no meaning on account of the use of a word when another was probably intended.

4. *Same.*—A charge asserting that if certain facts were not shown to the satisfaction of the jury to a reasonable doubt, the jury should acquit, was properly refused because of inaccuracy and obscureness.

5. *Homicide; Instruction; Self-Defense.*—Charges on self-defense which ignore in hypothesis defendant's freedom from fault in bringing on the difficulty, or defendant's duty to retreat, if retreat was practicable without increasing peril, are properly refused.

6. *Same; Assuming Facts.*—Where the evidence was conflicting as to whether defendant was in danger at the time he shot deceased, a charge asserting that if defendant was free from fault in bringing on the difficulty, he was under no obligation to retreat unless he could have done so without increasing his peril, or with reasonable safety, assumes the fact that defendant was in danger, and was, therefore, properly refused.

APPEAL from Winston Circuit Court.

Heard before Hon. C. C. NESMITH.

Luther Johnson was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The facts of the case sufficiently appear from the present opinion and from the report on a former ap-

peal.—4 Ala. App. 47, 57 South. 593. The following charges were refused to the defendant:

"(8) If deceased made an assault on defendant which was manifestly for the purpose of taking the life of defendant or doing him great bodily injury, and one placed in defendant's position, of reasonable prudence, would have believed, and defendant did believe, that he was in great peril, then defendant was under no obligation to retreat, but had the right to stand his ground and kill the deceased if necessary.

"(9) A reasonable doubt is an actual doubt that you are conscious of after going over in your minds the entire case, giving consideration to all the testimony and every part of it. If you then feel uncertain and are not fully convinced that the defendant is guilty, and believe that you are acting in a reasonable manner, and if you believe that a reasonable man in any matter of like importance would hesitate to act because of such a doubt as you are conscious of having, that is a reasonable doubt of which the defendant is entitled to the benefit, and he should be acquitted."

"(14) If defendant was free from fault in bringing on the difficulty, he was under no obligation to retreat unless you believe he could have retreated without increasing his danger, or with reasonable safety."

(16) The concluding portion of 16 is as follows: "And if the jury believe that the defendant acted under such conditions and circumstances as set out above, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and if not shown to the satisfaction of the jury to a reasonable doubt, the jury must acquit the defendant."

"(18) If, after looking at all the evidence in this case, your minds are left in such a state of doubt and uncertainty that you cannot say beyond a reasonable

doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or from death, or that he shot before such impending necessity arose, then this is such a doubt as will entitle the defendant to an acquittal, and he should be acquitted, if he was free from fault in bringing on the difficulty."

Charge 31: "In deciding on the guilt or innocence of defendant, if you believe from the evidence that he did not fight willingly and was free from fault in bringing on the difficulty, and could not retreat without having increased his peril, and come to consider whether or not the defendant was actually in danger of death or great bodily harm, or whether the circumstances surrounding him were such as to create in the mind of a reasonable man, and did create in the mind of defendant, an honest belief that he was in danger of death or great bodily harm, you should determine what an ordinary and reasonable man might have fairly inferred from all the facts and circumstances by which the evidence showed the defendant was at the time surrounded, and in doing so must not try him in the light of subsequent developments, nor must they require of him the same cool judgment that the jury can now bring to bear on the occurrences. The jury must put themselves as far as possible in the defendant's place and then judge whether the danger was apparent, or should have been considered as apparent by a man of ordinary caution and prudence in like condition. The danger of death or great bodily harm need not have been real, present, or urgent at the very moment of the killing, but only apparently so. The question is, Was the danger apparently so imminently present at the time of the killing that a reasonable man and a prudent man, sit-

uated as the defendant was, would believe, and the defendant did believe, that it was necessary to kill in order to avoid the loss of life, or to prevent great bodily harm? and if from all the evidence in the case the jury have a reasonable doubt whether such was the case when the defendant killed Manasco, then you should acquit him."

JAMES J. RAY, NORMAN GUNN, M. L. LEITH, and MAYHALL & STAGNER, for appellant. This is the second appeal in this case.—*Johnson v. The State,* 4 Ala. App. 47. The court should have permitted the defendant to examine the witness, and the court erred in refusing because of the breach of the rule.—*Robert's Case,* 122 Ala. 47; *Deggs v. The State* 150 Ala. 3. Charge 8 should have been given.—*Bluett v. The State,* 151 Ala. 41; 136 Ala. 52. Charge 9 should have been given.— *Holt v. U. S.,* 218 U. S. 245. Charge 14 should have been given.—*Bluett v. The State, supra.* Charge 15 should have been given on the same authority. Charge 18 should have been given.—96 Ala. 24. Charge 31 should have been given.—*Griffin v. The State,* 165 Ala. 29; *Jackson's Case,* 78 Ala. 471; *Story's Case,* 71 Ala. 330. Charges 50 and 51 should have been given.—*Bluett v. State, supra; Story v. State,* 71 Ala. 330. Counsel discuss other charges, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. , Clothing worn by decedent at the time of the fatal difficulty were properly admitted.—*Holly v. The State,* 75 Ala. 14; *Watkins v. State,* 89 Ala. 82; *Dorsey v. State,* 107 Ala. 151. Charge 9 was properly refused.—*Jones v. State,* 61 South. 434. The other charges either ignored the

doctrine of retreat or freedom from fault, or are argumentative and confusing.

WALKER, P. J.—When this case was here on a former appeal, the court in the opinion then rendered made a general statement of the circumstances of the fatal difficulty which is in question and of the tendencies of the evidence in reference to it which is applicable to the case as it was presented in the trial which resulted in the judgment now to be reviewed.—*Johnson v. State,* 4 Ala. App. 47, 57 South. 593.

When the defendant proposed to examine one Lula Jackson as a witness, the solicitor objected to his being permitted to do so because the proposed witness had been in the courtroom during the progress of the trial, and the defendant excepted to the action of the court in sustaining the objection and refusing to permit the witness to be examined. When the objection was made, the attorney for the defendant disclaimed any information or knowledge of the fact that the witness had been in the courtroom during the progress of the trial, saying that "they didn't particularly know the witness, * * * and that no doubt the witness was there without knowing of the duty being imposed upon her to go out"; and the court stated, as is recited by the bill of exceptions, "that he had no doubt but that the witness did not understand the rule, and was innocently in the courthouse; the judge presiding had observed said Lula Jackson sitting near the aisle in plain view of every one in the courtroom fully a day during the progress of the trial with a nursing baby in her arms; she had listened attentively to practically all the testimony up to the time she was called as a witness." It is not made to appear that the woman had been subpœnaed as a witness, or that when the rule was invoked, or when the

witnesses were by the court instructed with reference to their duties under it, Lula Jackson was called as a witness, or that the defendant in any way made known to the court that a person of that name was proposed to be made a witness in the case. For anything that appears, her continued presence in the courtroom may have been attributable to the defendant's neglect to let it be known at the proper time that she was to be examined as a witness, and the consequent failure of the presiding judge to see to it that her duty under the rule was brought to her attention. The proposition announced in the opinion rendered in the case of *Degg v. State,* 150 Ala. 3, 43 South. 484, to the effect that, when the rule is invoked as to witnesses and is violated by a witness without any fault on the part of the defendant, the court has not the right to deprive the defendant of the testimony of such a witness, is not applicable to such a state of facts as that disclosed by the present record.

What is disclosed by the bill of exceptions by no means negatives the conclusion that the court was warranted in finding that the nonobservance of the rule by the proposed witness was due, in whole or in part, to the fault of the defendant himself. If so, he was not entitled, as a matter of right, to examine the witness for whose nonobservance of the salutary precaution he himself was at fault. Whether or not in such a situation a party so at fault is to be permitted to adduce the testimony of the witness in question is a matter resting in the discretion of the trial court. To hold otherwise would unduly impair the authority of the court to enforce a regulation having for one of its objects the guarding of witnesses against improper influences or suggestions to which they might be subjected if they were permitted to remain in the courtroom

during the progress of the trial. It is not made to appear that the court abused its discretion in declining to permit the proposed witness to testify. The statement made by counsel as to the testimony expected to be elicited from this witness showed that it was in reference to a matter as to which several other witnesses for the defendant had deposed. So it appears that the excluded testimony would have been mostly, if not altogether, cumulative. The ruling in question is not a ground of reversal. Other rulings made on objections to testimony are presented for review. We discover no reversible error in either of those rulings. None of the questions so raised are deemed to be of such a nature as to call for a discussion of them.

The failure of charge 8 requested by the defendant to predicate his freedom from fault in bringing on the difficulty justified the court's refusal to give it.

Defendant's written charge 9, as it is set out in the bill of exceptions, is not, as is stated by counsel in their brief, a copy of the charge, the giving of which was held in the case of *Holt v. United States,* 218 U. S. 245, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138, not to constitute a ground of reversal when the defendant's exception to the court's charge was a general one. The charge as it is set out commences with a sentence which, because of the use of one word where another probably was intended, is incomplete and really conveys no meaning. This was enough to justify the court in refusing to give the charge in the form in which it was presented. —*Gambill v. Fuqua,* 148 Ala. 448, 42 South. 735; 38 Cyc. 1598, 1599. Besides, whether part of the charge was so expressed that it might have been understood as authorizing the jury to acquit the defendant if they should "feel uncertain about his guilt," and it is not intended to be intimated that it would have been a

reversible error to refuse to give the charge if it had been free from the fault first mentioned.

The evidence in the case was in conflict on the question of the defendant's being in any danger at the time he shot the deceased. Written charge 14 was properly refused because it involved the assumption that the defendant was in danger.

Charge 16 requested by the defendant is another instance of a miscopied charge. Counsel for the appellant call our attention to the close resemblance between this charge and a charge which was approved in the case of *Bluett v. State,* 151 Ala. 41, 44 South. 84; *Bluitt v. State,* 161 Ala. 14, 49 South. 854. The concluding sentence of the charge as requested, in stating in effect that, if the fact that the defendant was not free from fault in bringing on the difficulty was "not shown to the satisfaction of the jury to a reasonable doubt, the jury should acquit the defendant," involved such inaccuracy and obscureness as plainly to justify the court in refusing to give it in charge to the jury.

Charge 18 was properly refused as it ignored the question of the defendant's duty to retreat, if retreat was practicable without increasing his peril. Counsel for the appellant refer to the decision in the case of *Harris v. State,* 96 Ala. 24, 11 South. 255, as supporting their contention that this charge should have been given. In there deciding that a similar charge should have been given, the court pointed out the fact that under the evidence in that case the defendant was under no duty to retreat. In the present case there was evidence tending to prove that the defendant by retreat could have avoided any peril to himself or to the deceased.

Counsel for the appellant contend that refused charge 31 is the same as refused charge 2, which was ruled on in the case of *Griffin v. State,* 165 Ala. 29, 50 South.

962, except that the fault which was held to have justi-
fied the refusal to give the charge requested in that case
has been removed. The contention is not well founded.
In pasing on the charge under review in the case cited,
the court expressed the opinion that the jury would
have had the right to treat its concluding paragraph
as a complete statement of the proposition which in the
preceding part of the charge had been stated with more
detail, and the charge was condemned because of a
fault pointed out in that summary re-statement of the
proposition. The charge now under consideration is so
far a copy of refused charge 2 in the *Griffin Case* that
its concluding paragraph is to be construed as serving
the same purpose which was treated as having been
served by the concluding paragraph of the charge
copied from. The concluding summary statement of
the charge under consideration is to the effect that, if
from all the evidence in the case the jury have a reason-
able doubt whether the danger apparently was so immi-
nently present at the time of the killing that a reason-
able and prudent man, situated as the defendant was,
would believe, and the defendant did believe, that it was
necessary to kill in order to avoid the loss of life or to
prevent great bodily harm, then the jury must acquit
him. While the proposition as thus stated avoided the
particular fault which was pointed out in the opinion in
the *Griffin Case,* it contained another fault, justifying
the refusal of the court to give it in charge, in that it
ignored the question of the defendant's freedom from
fault in bringing on the difficulty. The evidence in the
case was such that that question was one not proper to
be withdrawn from the consideration of the jury. The
stated hypothesis for a verdict of acquittal was mate-
rially defective, and the charge was properly refused.

[Garth v. The State.]

Complaint is made of the court's refusal to give several other written charges. The refusal to give each of those charges is justifiable either because it stated an incorrect proposition or one that was covered by other written charges given at the defendant's request.

A careful examination of the record has led us to the conclusion that the prosecution was conducted in accordance with the law; that the defendant had a full and fair opportunity to present his version of the occurrence under investigation; and that the court committed no error which would warrant a reversal of its judgment. No right of the appellant is denied him by this court's failing to make a special mention of all the questions presented for review.

Affirmed.