# Kinsaul *v.* The State.

### *Violating Prohibition Law.*

(Decided June 17, 1913.   62 South. 990.)

1. *Intoxicating Liquors; Evidence; Sufficiency.*—Where there was evidence tending to prove that a considerable quantity of intoxicating liquors was found in a building in which defendant was engaged in the business either as proprietor or as an employe, and other evidence tending to show that defendant was the person who kept it there, the evidence was sufficient under section 4, Acts 1909, p. 63, to support a conviction for violating the prohibition law, the conflicts in the evidence being a question for the jury.

2. *Appeal and Error; Harmless Error; Evidence.*—Where it was not controverted that a quantity of whisky and beer was found in the building, the defendant's efforts being to show that he was a mere employee and that the liquor was put and kept there wholly without his knowledge or consent, he was not prejudiced by the admission of the return of the sheriff on a search warrant introduced for the purpose of showing a list of the liquors seized.

3. *Trial; Argument of Counsel.*—Where a part of the argument of the solicitor was proper under the evidence and a part improper, an objection to the whole, without calling the court's attention to the objectionable part, cannot be sustained.

4. *Charge of Court; Argumentative Instructions.*—Where the evidence tended to show that another was proprietor and owner of a restaurant and a meat market, and that defendant was an employee, and kept a key and looked after the business, and that a quantity of liquor and beer was stored therein, a charge asserting that there was no proof of a partnership between defendant and such other person, and that the fact that the other person had been charged with selling whisky should not be considered against the defendant, was both abstract and argumentative.

APPEAL from Geneva County Court.

Heard before Hon. JOHN A. CAMPBELL.

Bill Kinsaul was convicted of violating the prohibition law, and he appeals.   Affirmed.

The testimony tended to show that J. H. Radford was the owner and proprietor of a restaurant and a meat market, and that defendant was an employee, and had a key to the premises and looked after the business, except when he was out in the country buying cattle.   It

further appeared that the place was raided, and a quantity of prohibited liquor was found stored therein, and that defendant was present at the time of the search. In his argument to the jury the solicitor said the defendant was working for J. H. Radford, and must have known all about this whisky, and it was the duty of the jury to place upon him a heavy fine and let Radford pay it. Charge 6 was as follows: "There is no proof that a partnership existed between defendant and J. H. Radford, and the fact that Radford had been charged with selling whisky should not be construed against the defendant."

J. F. JOHNSON, for appellant. Counsel discusses the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—There was evidence tending to prove that a considerable quantity of intoxicating liquor was found in a building in which the defendant, either as the proprietor or as the employee of another was engaged in business. As the statute (Acts Special Session 1909, p. 63, § 4) makes the keeping of such liquors in such a place prima facie evidence that they were kept for sale, with intent to sell the same, contrary to law, and as there was evidence tending to prove that the defendant was the person who kept them there, there is no merit in the claim that there was an absence of evidence to support the charge against him. The conflict in the evidence bearing upon this inquiry was a matter for the determination of the jury.

That a quantity of whisky and beer was found in the place above mentioned, on the occasion of a search

of it when the defendant was present, was not contro-verted in the trial. The defendant did not seek to rebut the testimony to this effect, which was offered by the state, though he testified as a witness in his own behalf. His effort was to show that he was there as a mere employee, and that the liquor was put and kept there wholly without his knowledge or consent. In this condition of the evidence he could not have been pre-judiced by the action of the court in permitting the sheriff's return on the search warrant to be used for the purpose only of showing the list of the liquors which were seized.

A part of the statement made by the solicitor in his argument, which was objected to as a whole, was of a fact which evidence in the case tended to prove. The part of that statement, which it is now claimed was sub-ject to objection, was not specifically called to the at-tention of the court and objected to. As the objection made by the defendant was not directed against the ob-jectionable feature of the statement, but against the whole of it, the court did not err in overruling the ob-jection. The objection, to be available, should have sep-arated the bad from the good.—*Pugh v. State*, 4 Ala. App. 144, 58 South. 936; *Swain v. State, Infra*, 62 South 446.

Written charge 6, requested by the defendant, was both abstract and argumentative. The refusal to give it was not error.

Affirmed.