[Carmichael v. The State.]

# Carmichael v. The State.

### Violating Prohibition Law.

(Decided June 16, 1914.   65 South. 694.)

*Intoxicating Liquors; Evidence; Dwelling.*—Where defendant lived in a house containing two rooms, one of which was not occupied and the other of which contained a bed, stove, trunk and an ice box, and the sheriff found in the house a number of barrels labeled "beer," containing bottles labeled "beer," and also bottles labeled "beer" in an ice box, the jury was authorized to find that the house was not a place used exclusively as a dwelling within the meaning of section 4, Acts 1909, p. 64, and hence, sufficient to support a verdict finding that the liquor was kept for sale.

APPEAL from Bullock Circuit Court.

Heard before Hon. M. SOLLIE.

John Carmichael was convicted of violating the prohibition law, and appeals. Affirmed.

The evidence tended to show that the sheriff went out to a house where the defendant is said to have lived, and there found a number of barrels labeled "beer," and the barrel opened with bottles in it labeled "beer," and some bottles labeled "beer" in an ice box in the room; that the house contained two rooms, one of which  was not occupied, the other had a bed, stove, trunk, and an ice box in it.   It is further shown by the agent of the express company and the railroad that a number of packages labeled "whisky" and "beer" had come to defendant through the different transportation agencies they represented.

R. E. L. COPE, and RAINER & ANDREWS, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.   Defendant

14 CA

was not entitled to have the verdict directed as the evidence was sufficient to authorize a conviction.—*Dunn v. State,* 8 Ala. 383; *Freeny v. City of Jasper,* 8 Ala. App. 469; *Stokes v. State,* 5 Ala. App. 160.

THOMAS, J.—We are of opinion that the evidence was ample in its inferences to justify the trial court in refusing the general affirmative charge; its action in refusing which is the only point presented by the record.—*Dunn v. State,* 8 Ala. App. 383, 62 South. 379; *Watson v. State,* 8 Ala. App. 414, 62 South. 997; *Foshee v. State,* 9 Ala. App. 77, 63 South. 753; *Freeny v. City of Jasper,* 8 Ala. App. 469, 62 South. 385; *Kinsaul v. State,* 8 Ala. App. 405, 62 South. 990; *Stokes v. State,* 5 Ala. App. 160, 59 South. 310.

Pretermitting a consideration of the other incriminating tendencies of the evidence, it is sufficient to say that, if the jury believed from the evidence, beyond a reasonable doubt, that the place at which the defendant was shown, without dispute, to have been keeping the large quantity of prohibited liquors found in his possession was a place not used "exclusively" as a dwelling (*Stokes v. State,* 5 Ala. App. 160, 59 South. 310), then the mere keeping by him of such liquors in such place was prima facie evidence that they were kept for illegal disposition (Acts Sp. Sess. 1909, p. 64, § 4; *Stokes v. State, supra*). There were facts in evidence tending to show that such place was not used exclusively as a dwelling (*Stokes v. State, supra*); and for these reasons, as well as for others pointed out in the cases cited, the court committed no error in refusing the affirmative charge.

The judgment of conviction is consequently affirmed.

Affirmed.