# Moore v. The State.

## Violating Prohibition Law.

(Decided January 12, 1915.   67 South. 789.)

1. *Witnesses; Examination and Cross; Re-Direct.*—Where the defendant cross-examined a witness for the state extensively as to his interest in the prosecution, it was competent for the state on re-direct to ascertain from him whether he appeared voluntarily or on subpoena from the grand jury.

2. *Same; Conviction of Felony.*—It was error not to permit the defendant, on cross-examination of a state's witness, to ask such witness if he had not been convicted and sent to the penitentiary, as a crime justifying imprisonment in the penitentiary is a felony under section 6756, Code 1907, and a felony is a crime involving moral turpitude, within section 4008, Code 1907.

3. *Same; Disqualification; Crimen Falsi.*—At the common law a conviction in any form of "crimen falsi," or the crime of falsifying, carried with it the stigma of infamy, and disqualified the convict to become a witness, whether the crime was a felony or misdemeanor.

4. *Same; Impeachment; Conviction; Moral Turpitude.*—Within section 4008, Code 1907, "moral turpitude means anything done contrary to justice, honesty, principle or good morals; an act of baseness, vileness or depravity in the private or social duties which a man owes to his fellows or society generally, contrary to the accepted and customary rule of right and duty between man and man.

5. *Same; Contradictory Statements.*—Where a witness stated that he testified before the grand jury that he did not buy any whiskey or beer from the defendant, and did not tell S. that he bought beer

[Moore v. The State.]

from the defendant, but that the grand jury did not ask him about beer, it was competent to permit evidence from S. contradictory thereof with respect to his conversation with witness.

6. *Same; Interest; Rebuttal.*—Where the defendant offered evidence that a witness unduly interested himself in the prosecution, it was not error to permit, in rebuttal, testimony of such witness that he did not pay the witnesses, nor urge them to come to court.

7. *Appeal and Error; Harmless Error; Evidence.*—Where there was no evidence offered that the witness himself reported the case to the grand jury, or instigated the prosecution, it was harmless error to permit the witness to be asked relative to his knowledge thereof, especially where the questions were answered in the negative.

8. *Evidence; Documentary; Preliminary Inquiry.*—Preliminary inquiry to identify a paper and connect defendant with it is proper, although the testimony elicited did not connect defendant with such paper.

9. *Trial; Discretion of Court; Witnesses Under Rule.*—The proper exercise of the court's discretion in permitting a witness to testify who had not been placed under the rule, the others being, will not be reviewed in the absence of gross abuse.

10. *Charge of Court; Cautionary.*—A charge asserting that the jury should not convict without a reasonable belief in defendant's guilt, although such belief might not be sufficiently strong to exclude a reasonable doubt of defendant's innocence, was not only self-contradictory, but was argumentative and cautionary, and its refusal proper.

11. *Intoxicating Liquors; Evidence.*—In a prosecution for a violation of the prohibition laws, it was competent to show that when the witness bought whisky from the defendant he saw three bottles of beer in the defendant's store, as prima facie evidence, under section 4, Acts 1909, p. 64, and was proper to be considered in connection with evidence tending to show a sale of whisky to the witness.

12. *Same; Directed Verdict.*—Under the evidence in this case the question of defendant's guilt was for the jury, and the court properly refused to direct the verdict for the defendant.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Gus Moore was convicted of violating the prohibition laws and he appeals. Reversed and remanded.

See, also 10 Ala. App. 179, 64 South. 520.

L. A. SANDERSON and GOODWYN & MCINTYRE, for appellant. Counsel discuss the errors noted, with the insistence that prejudicial error intervened, but they cite no authorities in support thereof.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the state.

BROWN, J.—The theory advanced by the appellant in his defense, as indicated by the examination of the state's witnesses and by some of the evidence offered on the trial, was that the prosecution was a malicious one instigated by the state's witnesss Sellers for the purpose of acquiring possession of defendant's lands adjoining those of Sellers. On the cross-examination of the state's witness Arrington, who is shown to have been one of Sellers' tenants, he was examined extensively as to the interest he had manifested in the prosecution of the defendant, and his testimony tended to refute the fact that he had taken any unusual interest in the prosecution, but showed that he had appeared before the grand jury and testified at the time the defendant was indicted. On redirect examination, the court allowed the solicitor to ask the witness if he appeared before the grand jury voluntarily, or if he appeared there in response to a subpoena. The question elicited testimony pertinent and material to the inquiry as to what interest, if any, the witness had manifested in the prosecution. For this reason, there was no error in overruling the defendant's objection to the question; and, for like reasons, there was no error in overruling the defendant's motion to exclude the answer.

While, in view of the negative answer of the witness to the question calling for his knowledge as to who reported this case to the grand jury, in the absence of testimony tending to show that the witness himself reported it or was connected with the instigation of the prosecution, we are unable to see how this fact could be material to any issue in the case; yet the negative answer of the witness to this inquiry could not have prejudiced the defendant.

[Moore v. The State.]

There is nothing in the record to show what, if anything, was on the paper exhibited to the witness Arrington by the solicitor; but, assuming that this paper contained matter which, if it had been admitted, would have been prejudicial to the rights of the defendant, there was nothing improper in the preliminary inquiry of the solicitor seeking to identify this paper and to connect the defendant with it; and there was no error in the ruling of the court in allowing this preliminary inquiry. The court could not assume at this stage of the trial that the state would not be able to identify the paper and connect the defendant with the fact of its presence at witness' door. While there is nothing in the testimony developed on the preliminary inquiry tending to connect the defendant with the paper, yet, in view of the fact that the contents of the paper were not disclosed to the jury, no prejudice could have resulted to the defendant from this preliminary inquiry. If the defendant had made a motion to exclude the evidence of the witness as to this paper, after the court refused to permit the paper to be introduced in evidence, it was clearly the defendant's right to have it excluded; and, if the motion had been made at this stage of the case, it no doubt would have been granted. However, at the time the objections were made to the preliminary questions, and motion made to exclude the answer thereto, it was not the defendant's right to have such inquiry stopped.

There was no error in allowing the witness Jerico to testify that, about the time the witness Arrington swore that he bought whisky from the defendant, he (Jerico) saw three bottles of beer in a little box on ice in the defendant's store. This fact, in the absence of a license authorizing the defendant to engage in the liquor business, was prima facie evidence that the defendant was keeping liquors for sale contrary to law, and was a fact

pertinent to be considered by the jury in connection with the evidence tending to show a sale of whisky to Arrington.—Acts 1909, p. 64, § 4; *Patterson v. State,* 8 Ala. App. 422, 62 South. 1023; *Kinsaul v. State,* 8 Ala. App. 405, 62 South. 990; *Stokes v. State,* 5 Ala. App. 159, 59 South. 310; *Bell v. State,* 2 Ala. App. 224, 57 South. 154.

The defendant asked the witness Jerico on cross-examination the following question: "State whether or not you have been convicted in this court and sent to the penitentiary for a term." The court sustained an objection to this question, and the appellant here insists that in this ruling the court committed error which should work a reversal of the judgment. Section 4008 of the Code of 1907 provides that, if a witness has been convicted of a crime involving moral turpitude, this fact may be shown as tending to impeach the credibility of the witness; and section 4009 provides that the witness may be examined touching his conviction for crime. Section 6756 of the Code defines the difference between felonies and misdemeanors as follows: "A felony within the meaning of this Code, is a public offense which may be punished by death, or by imprisonment in the penitentiary; all other public offenses are called misdemeanors."

Therefore, if the witness previous to his examination had been convicted of a crime which justified a sentence to the penitentiary for a term, it was a felony.—*Clifton v. State,* 73 Ala. 473. A conviction for a felony at common law carried with it the stigma of infamy and disqualified the convict to become a witness or to serve as a juror, and the same result follows the conviction for any form of crimen falsi, such as "the crime of falsifying, which might be committed either by writing, as by the forgery of a will or other instrument; by words, as by

bearing false witness, or perjury; and by acts, as by counterfeiting or adulterating the public money, dealing with false weights and measures, counterfeiting seals, and other fraudulent and deceitful practices" (Black's Law Dictionary, p. 300)—regardless of whether the crime was a felony or a misdemeanor (16 Am. & Eng. Ency. Law (2d Ed.) 245; 22 Cyc. 501; *Smith v. State,* 129 Ala. 91, 29 South. 699, 87 Am. St. Rep. 47).

Section 1795 of the Code of 1896 provided: "No objection must be allowed to the competency of the witness because of his conviction for any crime, except perjury or subornation of perjury, but if he has been convicted of other infamous crime, the objection goes to his credibility."

Construing that statute, the Supreme Court, in the case of *Smith v. State,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47, said: "The rule of the common law was that persons convicted of treason, felony, and the crimen falsi, were rendered infamous and, were disqualified as witnesses in civil and criminal cases. * * * The common-law rule, which prevailed in this state, was changed by the enactment of the statute now embraced in section 1795 of the Code so as to relieve a witness of disqualification by reason of having been convicted of an infamous crime, except where the conviction is for perjury or subornation of perjury; providing, however, that the evidence of such conviction goes to his credibility. It is too clear for argument that the words 'infamous crime' employed in the statute have the same meaning as they had at common law."

In *Gordon v. State,* 140 Ala. 38, 36 South. 1012, applying that section, the court said: "Manslaughter was a felony at common law, and by the common law a conviction and sentence for crime belonging to the class called infamous and comprised in treason, felony, and

crimen falsi rendered the convict incompetent to testify as a witness."

But in that case the court held that it was not permissible to offer proof of a conviction for wantonly or maliciously throwing into a railroad train, which under some circumstances is a felony and under others a misdemeanor, because it was not a common-law felony or an offense within the description crimen falsi. In the case of *Deal v. State,* 136 Ala. 57, 34 South. 23, the Supreme Court, speaking by Justice SHARPE, the author of the opinion in the *Gordon Case,* held that evidence of a conviction for burning a gin, which was not a felony at common law, but was a felony under our statute, was admissible to discredit the witness.—3 Cyc. 986.

The *Smith* and *Gordon Cases* both cite, as sustaining their enunciations, *Sylvester v. State,* 71 Ala. 23, and *Taylor v. State,* 62 Ala. 164. In *Sylvester's Case,* the court holds: "At common law persons convicted of crimes which render them infamous were excluded from being witnesses. An infamous crime was regarded as comprehending treason, felony, and crimen falsi."

And in *Taylor's Case*: "The rule of the common law is that persons convicted of treason, felony, and the crimen falsi were rendered infamous, and were disqualified as witnesses in cases civil or criminal.  *  *  *  The meaning of the term 'crimen falsi,' which was borrowed from the Roman law, has not been defined with precision. It is generally accepted as embracing all offenses tending to pervert the administration of justice by falsehood or fraud."

The Supreme Court, in the case of *Fuller v. State,* 147 Ala. 37, 41 South. 775, held: "At common law the conviction of a felony disqualified the witness, because the nature of the crime and the punishment rendered the witness infamous" citing, in support of this proposition,

16 Am. & Eng. Ency. Law (2d Ed.) 245, and *Sylvester's Case,* 71 Ala. 23.

And in the same opinion the court said: "But, aside from these considerations, we entertain the opinion that a conviction for a felony made so by statute, which was not a crime at common law, may be shown for the purpose of affecting his credibility as a witness under section 1795 of the Code.—*Murphy v. State,* 108 Ala. 10, 18 South. 557; *Taylor v. State,* 62 Ala. 164, 165. This conclusion is not opposed to any of our cases. There are doubtless expressions in some of them which are calculated to mislead upon a mere cursory reading; but a careful examination of them will disclose that they support, rather than militate against, our conclusions. Their misleading tendencies grow out of a discussion of the nature of the act for which the conviction is had, with respect to whether that act was at common law of the nature of the crimen falsi. Where the conviction is for a felony, the question of whether the act or offense is of the nature of the crimen falsi is wholly impertinent and unimportant. That question can only arise where the conviction is for a misdemeanor, and only becomes important in that class of cases."—*Fuller v. State,* 147 Ala. 38, 41 South. 776.

In short, the conviction of a felony carries with it the stigma of infamy.

"Moral turpitude" is defined: "Anything done contrary to justice, honesty, principle, or good morals; an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."—27 Cyc. 912; 5 Words & Phrases, p. 4580; *State v. Mason,* 29 Or. 18, 43 Pac. 651, 54 Am. St. Rep. 772; *Gillman v. State,* 165 Ala. 138, 51 South. 722.

We have no doubt that the conviction of any crime that subjects one to the stigma of infamy and justifies his confinement in the penitentiary as a punishment for the offense and the protection of society from the evil influences of his conduct involves moral turpitude within the meaning of section 4008 of the Code, and that proof of such conviction is admissible to discredit his testimony.—*Roden v. State,* 3 Ala. App. 197, 58 South. 71; *Roden v. State,* 5 Ala. App. 247, 59 South. 751; *Wingate v. State,* 1 Ala. App. 40, 55 South. 953; *Murphy v. State,* 108 Ala. 10, 18 South. 557; *Waters v. State,* 117 Ala. 108, 22 South. 490; *Clifton v. State,* 73 Ala. 473; *Prior v. State,* 99 Ala. 196, 13 South. 681. The question of credibility, under all the evidence, is one for the jury; but it is proper that they should be allowed to consider the fact of such conviction in passing upon the weight of the testimony. The court erred in sustaining the objection of the state to the question, and for this error the judgment must be reversed.

The question of allowing the state to examine a witness who had not been placed under the rule was a matter within the sound discretion of the trial court, and it is thoroughly settled by the decisions of this court, and of the Supreme Court, that the exercise of discretion by the trial court will not be reviewed unless the record presents a case of gross abuse. No such abuse is shown by the record in this case.—*Johnson v. State,* 8 Ala. App. 14, 62 South. 450.

On cross-examination of the witness Oscar Carroll, he testified that he was before the grand jury and there testified that he did not buy any whisky or beer from the defendant, and that he did not tell Mr. Sellers, after he had been before the grand jury, that he bought beer from the defendant, but that the grand jury did not ask him about buying beer. For the

purpose of impeaching this witness, the court allowed the solicitor to show by the witness Sellers that the witness Carroll stated to Sellers that he (Carroll) had testified before the grand jury that he did not buy any whisky from the defendant, but that the grand jury did not ask him about beer, and that, if they had asked him about beer, he would have told them that he bought beer. This evidence was clearly admissible to impeach the witness Carroll. It was contradictory of the testimony that he had given to the effect that he did not buy any beer from the defendant. If the defendant sold to the witness Carroll spirituous, vinous or malt liquors without license and contrary to law as charged in the indictment, he was guilty, and if the defendant's witness made contradictory statements as to this fact, it was a material fact upon which he could be impeached.—*Harris v. State*, 96 Ala. 24, 11 South. 255.

There was no error in allowing the witness Sellers to testify that he had not attempted to go around and pay the witnesses and drum them up to come to court. This evidence was in rebuttal of the evidence offered by the defendant tending to show that the witness Sellers had unduly interested himself in fostering the prosecution.

There was evidence tending to show that the defendant, within 12 months before the finding of the indictment, sold to the state's witness Sol Arrington 2½ pints of liquor, for which Arrington paid him 35 cents each; that the defendant had a store connected with his house; and that he bought the whisky from the defendant at his house. There was also evidence showing that the defendant kept beer on ice at his store. This proof made the defendant's guilt or innocence a jury question. The affirmative charge requested by the defendant was properly refused.—*Patterson v. State*, 8 Ala. App. 422, 62 South. 1023; *Kinsaul v. State*, 8 Ala. App. 405, 62 South.

990; *Stokes v. State,* 5 Ala. App. 159, 59 South. 310; *Bell v. State,* 2 Ala. App. 224, 57 South. 154.

It requires no argument to demonstrate that the other written charge requested by the defendant was properly refused. This charge merely asserts that the jury should not convict the defendant without a reasonable belief of his guilt, although such reasonable belief might not be sufficiently strong to exclude a reasonable doubt of defendant's innocence. Besides being self-contradictory, this charge is argumentative.

For the error above pointed out, the judgment of the city court must be reversed, and the cause remanded.

Reversed and remanded. .