(77 South. 969)

JONES v. CITY OF MONTGOMERY.
(3 Div. 305.)

(Court of Appeals of Alabama. Jan. 15, 1918. Rehearing Denied Feb. 5, 1918.)

INTOXICATING LIQUORS ☞236(7)—ILLEGAL KEEPING—PRIMA FACIE EVIDENCE OF INTENT.

Under Acts 1915, p. 9, § 4, where a building was not used exclusively for a dwelling, the keeping therein of alcoholic liquors or beverages, forbidden by the laws of the state to be manufactured, sold, or otherwise disposed of, was prima facie evidence that the same was kept for sale or with intention to sell contrary to law.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Claud B. Jones was tried and convicted for a violation of an ordinance of the city of Montgomery prohibiting a violation of the prohibition laws of the state. He was convicted by the recorder, appealed to the circuit court of Montgomery county, and from a judgment of conviction in that court he appeals. Affirmed.

L. A. Sanderson, of Montgomery, for appellant. Warren E. Andrews, of Montgomery, for appellee.

SAMFORD, J. It was shown on the trial that two of the police officers of the city of Montgomery, on the 23d day of April, 1917, went into a room at 8½ Washington street, in the city of Montgomery, upstairs, which room was being occupied by the defendant as a bedroom; that the room was over a vacant store in the second story of the building, and was entered from the street; that in the room at the time was found 48 bottles of beer, 12 of which were on ice and the remaining 36 were in a bureau drawer in the room; that the ground floor was a vacant storeroom, unoccupied but for rent, and that the second story of the building was used exclusively for bedrooms.

There was no one else present besides the defendant, who had on a former occasion been convicted for selling liquor. The building was not used exclusively for a dwelling, and therefore the keeping of liquors or beverages forbidden by the laws of the state to be manufactured, sold, or otherwise disposed of was prima facie evidence that the beer was kept for sale or with the intent to sell the same contrary to law. Acts 1915, p. 9, § 4. The other facts in the case were sufficient to warrant the judge in finding the defendant guilty.

We find no error in the record, and the judgment is affirmed.

Affirmed.