(78 South. 315)

### HOLT v. STATE. (1 Div. 257.)

(Court of Appeals of Alabama. March 12, 1918.)

1. INDICTMENT AND INFORMATION ⬤⟿110(31) —FOLLOWING LANGUAGE OF STATUTE.
As no form is provided by statute for an indictment under Acts 1915, p. 554, § 3, making it unlawful to have in possession, etc., more than a certain quantity of named kinds of liquor, the indictment must follow the language or substantially the language of the section.

2. INDICTMENT AND INFORMATION ⬤⟿63— SUFFICIENCY IN GENERAL.
Under Code 1907, § 7134, requiring indictment to state offense with degree of certainty that will enable court to pronounce proper judgment, an indictment to support a judgment of conviction must aver every fact necessary to an affirmation of guilt, and the statement of bald conclusions will not suffice.

3. INTOXICATING LIQUORS ⬤⟿139, 200—UNLAWFUL POSSESSION—INDICTMENT.
The very gist of the offense defined by Acts 1915, p. 555, § 5, making it an offense to have in possession liquors other than malted or similar fermented liquors in bottles or receptacles of less than one quart capacity, is that the bottle or receptacle in which the liquor is contained is of less than a quart capacity, and the indictment should so allege, as one may lawfully possess less than a quart of liquor if it is contained in a receptacle of quart capacity.

4. INTOXICATING LIQUORS ⬤⟿233(3) — EVIDENCE OF PAYMENT OF FEDERAL TAX—ADMISSIBILITY.
Under Acts 1915, p. 25, § 22½, making payment of federal tax required of retail liquor dealers prima facie evidence of keeping liquor for sale or with intent to sell contrary to law only when payment of such tax covers the period of time involved, the court erred, in allowing the state to prove, over objection, that defendant paid the federal stamp tax required of retail liquor dealers, where payment of such tax was subsequent to time involved.

5. INTOXICATING LIQUORS ⬤⟿238(2) — UNLAWFUL POSSESSION—QUESTION FOR JURY.
Where evidence showed that defendant kept a rooming house in which there were, a large number of rooms let to others who lived in them, whether liquor procured in raid on defendant's place was in her possession was a jury question.

6. INDICTMENT AND INFORMATION ⬤⟿33(1)— SIGNING BY SOLICITOR.
That the indictment was signed by the solicitor of M. county, and not by the solicitor who was before the grand jury when the indictment was returned, is immaterial; signing by solicitor being surplusage.

7. INTOXICATING LIQUORS ⬤⟿238(1)—GIVING AFFIRMATIVE CHARGE.
Where liquor was procured by a raid on defendant's place, and the evidence showed that the place was a rooming house in which there were a large number of rooms let to others who lived in them, giving affirmative charge requested by solicitor was reversible error.

Appeal from Circuit Court, Mobile County; B. M. Miller, Judge.

Corinne Holt was convicted of having in her possession liquors in violation of law, and appeals. Reversed and remanded.

Brooks, McMillan & Crawford, of Mobile, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. Before the case was submitted to the jury, the solicitor nolle prossed all the counts in the indictment except the second and seventh. The second count is predicated on section 3 of the act approved September 25, 1915, which provides:

"That it shall be unlawful for any person to receive, accept delivery of, possess or have in possession at one time, or within any period of fifteen consecutive days, whether in one or more places, or whether in original packages or otherwise (1) more than two gallons of vinous liquors, or (2) more than five gallons (forty pints) of malted liquors or fermented liquors, such as beer, lager beer, ale, porter or other similar fermented liquors, either in bottles or other receptacles; or (3) more than two quarts of spirituous or other intoxicating liquors, or other prohibited liquors beyond those named in subdivisions 1 and 2 above; or (4) more than one kind of the three kinds of liquors as hereinabove classified, either at one time, or within said period of fifteen days, and whether in original packages, or otherwise." Acts 1915, p. 554, § 3.

[1, 2] This second count merely charges that the defendant "possessed or had in possession more than the prescribed amount of spirituous, vinous, or malt liquors, contrary to law." The statute provides no form for an indictment under this section, and in such cases it is the rule that the indictment

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

must follow the language, or substantially the language, of the statute that defines the element of the offense. Davis v. State, 141 Ala. 84, 37 South. 454, 109 Am. St. Rep. 19; Wester v. State, 147 Ala. 121, 41 South. 969; Eubanks v. State, 17 Ala. 181; Pettibone v. State, 19 Ala. 586; Skains & Lewis v. State, 21 Ala. 218; Worrell v. State, 12 Ala. 732; 1 Mayf. Dig. p. 442, § 28. And the indictment, to support a judgment of conviction, must aver every fact necessary to an affirmation of guilt, and the statement of bald conclusions will not suffice. Emmonds v. State, 87 Ala. 12, 6 South. 54; Noah v. State, 15 Ala. App. 142, 72 South. 611; Code 1907, § 7134.

[3] The seventh count of the indictment undertakes to charge the offense denounced by section 5 of the act approved September 25, 1915, which makes it an offense to have in possession liquors other than "malted or similar fermented liquors, such as beer, lager beer, ale or porter," in bottles or receptacles of less capacity than one quart. Acts 1915, p. 555, § 5; State ex rel. v. Sou. Express Co. 200 Ala. 31, 75 South. 343; Robertson v. City of Montgomery, 201 Ala. 198, 77 So. 724. This count avers that the defendant "received or had in his possession at one time a quart or less than a quart of spirituous, vinous or malt liquors contained in one or more receptacles or bottles, contrary to law." There is no averment here that the liquor was contained in bottles or receptacles of less than a quart capacity. The very gist of the offense is that the bottle or receptable in which the liquor is contained is of less than a quart capacity, a fortiori, one may lawfully possess less than a quart of liquor if it is contained in a receptacle or bottle of quart capacity.

[4, 5] The evidence shows that the defendant's place was raided on two occasions, June 14, 1916, and June 17, 1916, and liquors found under such circumstances and in quantities showing that they were kept for unlawful purposes. Acts 1915, pp. 554, 555, §§ 3 and 5. The court, over the objection of the defendant, allowed the state to prove that the defendant paid to the federal government the special stamp tax required of a retail liquor dealer on the 10th day of November, 1916, covering the period of time between July 1, 1916, and June 30, 1917. The statute makes the fact of payment of such tax prima facie evidence that the person to whom such tax is issued kept liquors for sale or with the intent to sell contrary to law, only when the payment of such tax covers the period of time involved. Acts 1915, § 22½, p. 25; Gibson v. State, 15 Ala. App. 12, 72 South. 569. The court therefore erred in overruling the defendant's objection to this evidence. There was no positive evidence that the liquors discovered in the raid by the police officers were in the actual custody of the defendant. The evidence shows that she kept a rooming house in which there were a great

number of rooms, and that some of these rooms were let to others who lived in them. It was therefore a question for the jury under the evidence whether the liquors were in the possession of the defendant, as charged in the indictment. Patterson v. State, 8 Ala. App. 420, 62 South. 1023; Carmichael v. State, 11 Ala. App. 209, 65 South. 694; Kinsaul v. State, 8 Ala. App. 405, 62 South. 990.

[6] There is nothing in the objection that the indictment was signed by the solicitor of Mobile county, and not by the solicitor who was before the grand jury when the indictment was returned. Prince v. State, 140 Ala. 158, 37 South. 171; Brigman v. State, 8 Ala. App. 400, 62 South. 980.

[7] What we have said is sufficient to indicate that the court committed reversible error in giving the affirmative charge as requested by the solicitor, and for this and the other errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.