(78 South. 715)

CONNER v. STATE.   (3 Div. 276.)

(Court of Appeals of Alabama.   April 2, 1918.
Rehearing Denied May 7, 1918.)

1. INTOXICATING LIQUORS ⊚⟿236(7)—ILLEGAL KEEPING — PRIMA FACIE EVIDENCE OF INTENT.
Under Acts 1915, p. 9, § 4, the fact that the defendant kept beer in an outhouse was prima facie evidence that he kept it for sale or with intent to sell it contrary to law.

2. INTOXICATING LIQUORS ⊚⟿238(4)—ILLEGAL KEEPING AND SALE—PROSECUTION — QUESTION FOR JURY.
Where there was evidence that officers came upon the defendant and others in an outhouse near defendant's residence at midnight, that defendant had beer on ice therein, that empty bottles were there, that the others came to get beer, the defendant was not entitled to the affirmative charge; his guilt being a jury question.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Bob Conner was convicted of keeping beer for unlawful sale, and appeals.   Affirmed.

See, also, 15 Ala. App. 660, 74 South. 754.

C. E. O. Timmerman, of Prattville, for appellant.   F. Loyd Tate, Atty. Gen., for the State.

BROWN, P. J. [1, 2] The evidence shows that the sheriff and his deputy came upon the defendant and three other men in an outhouse near the defendant's residence at midnight, and that the defendant had several bottles of beer on ice therein, and that there were empty beer bottles in the building. The three men with the defendant at the time testified that they had gone to this place to get beer from the defendant.

The fact that the defendant kept the beer in the outhouse was prima facie evidence that he kept it for sale or with the intent to sell it contrary to law. Acts 1915, p. 9, § 4; Jones v. City of Montgomery, 77 South. 969;[1] Holt v. State, 78 South. 315;[2] Stokes v. State, 5 Ala. App. 160, 59 South. 310; Kinsaul v. State, 8 Ala. App. 405, 62 South. 990. Under the evidence, the defendant was not

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 357.     [2] Ante, p. 399.

entitled to the affirmative charge. Wynn v. State, 11 Ala. App. 182, 65 South. 687. There is no error in the record.

Affirmed.